The next case is People of the State of Illinois v. Gregory McCord. When you're ready, would you begin your argument? I'm Michelle Salisco and I present Mr. McCord. May it please the court and counsel. Mr. McCord was charged with 10 offenses related to sexual misconduct and 9 counts of possession of a weapon by a felon. All the counts were tried together and he was found guilty of 6 of the sexual misconduct charges and 8 of the weapons charges. At the trial, the jury trial, there was no evidence whatsoever tying the guns to the sexual misconduct. The charges should have been tried separately. Counsel was ineffective for failing to move to sever the charges. Now, in People v. Carriker, the judges said that it was plain error for counsel to fail to move when there are 2 groups of charges or 2 charges that are totally unrelated to each other. It's plain error not to have them severed. The court held the jury wasn't proper, they were not related, and that there was no conceivable trial strategy in having a trial on both of the charges together. They were simply not part of the same comprehensive transaction. Similarly here, the sexual allegations were completely unrelated to the weapons charges. Now, the only connection, tangential connection, was on the day the defendant was arrested. The background is that he had been sexually intimate with his stepdaughter. He believed that he was in love with her. On the day that he was arrested, previously he had told her that he loved her. She, on that day, rejected that, said she didn't love him. He then got a shotgun, said I'm going to kill the whole family, and I'm going to start with some relatives that lived down the road. So isn't that evidence that links the weapons with the offense, the sex offenses? No. No. No, that's, first of all, to link it to the sex charges, I think that there would have to be, that the weapons were used either before, during, or after to facilitate the sex charges. They can't just be because we had sex and they were in the house, they were related. He didn't get mad as a result of her saying no to sex. He got mad because she said she didn't love him, which is, there was no sex going on that day. This is what prompted her to disclose this to the police, though. Was him saying that he was going to kill the whole family. Yes. So even if they hadn't been severed, wouldn't it have been admissible in the trial to show why, after all this time, she had chosen to report this? Well, okay. If that were the case, it would be, it wouldn't be all these weapons, but there were nine counts. It would be the one weapon. Also, they wouldn't, the jury wouldn't know that he had a prior conviction. And that is the evidence that was prejudicial to the defendant that came in in this case. Now, in People v. Wayman in 2008, your honors chose not to follow, here, the plain error standard. Instead, your honors said that you had to show prejudice and show that the outcome probably would have been different. Now, here, as I've already said, Mr. McCord was actually prejudiced by the commingling of these charges. Even though Mr. McCord didn't testify, what it came down to was a question of credibility. There was no physical evidence of abuse. Now, there was physical evidence of child pornography, which he was not convicted of, but there was no physical evidence. So it was, did they believe the witness? Did they believe the complainant or not? Well, maybe, but when you've got all this evidence that shows the defendant was this bad guy, and he had all these weapons in his house, and he had a prior conviction, and all of that, then it balances the scale in favor of the state instead of the defense. There was no legitimate reason for trial counsel not to have at least moved to sever the charges. And for those reasons, we ask that his conviction be reversed and he be remanded for a new trial. I'm standing on my brief with regard to this, or with the briefs with regard to the sentencing issues, unless your honors have questions on those. Did you, you didn't, the state raised an issue about void sentence. You didn't address that at all. And I apologize for not addressing it, for not putting a blurb in there that said that I had, I had looked, and I could find nothing to refute the state's statement on that. Great. Thank you. May I please report? Counsel. Jennifer Camden on behalf of the people. The people argued in the S brief that joinder of the sex charges and the weapons charges was not improper because this court can, and I think this court has here today, identified evidence linking the weapons charges with the sex charges. It's, it isn't necessary, as the defendant suggests, that the weapons have been used to coerce the victim into sex at the point of the gun on that day. It's enough that the defendant threatened the victim's family with that gun, and this was evidence of his increasing, escalating controlling tactics to keep her compliant with his demands on her. His use of the gun was an outgrowth of his desire to continue the sexual abuse, as in people versus quereaus, which is cited in the people's brief. And even if a joinder was improper, the defendant cannot show a reasonable probability of acquittal on the sex charges if the weapons charges had been severed, as required to show ineffective assistance of counsel, or that the evidence on the sex charges was so closely balanced that it was the joinder of the weapons charges alone that caused the conviction of the sex charges for purposes of showing plain error. As Your Honor pointed out, evidence of possession of one firearm would have been admitted even if the weapons charges had been severed. And further, the evidence on the sex charges was overwhelming. The victim provided detailed testimony that was corroborated on many points by the testimony of her mother. The jury saw a Polaroid picture of an underage sex act taking place, and contrary to the defendant's suggestion, today the defendant was convicted of account of child pornography based on this photograph that the jury saw. Also, the defendant provided incriminating statements to police that were admitted into evidence. Also, the evidence of the defendant's prior conviction that was admitted to show the state's charges of unlawful possession of weapons by a felon did not prejudice him. This prior burglary location was remote in time and location. It was a 1987 burglary conviction from White County, Illinois. The defendant was tried in Union County in 2010. The jury was told only about the fact of the prior conviction and that the defendant received a sentence of probation for it. The conviction was admitted for the limited purpose of helping to prove the state's weapons charges, and the jury was instructed that it was to consider the evidence of that prior conviction only for that purpose, and the jury was presumed to have followed those instructions. Also, burglary, of course, involves conduct unrelated to child sex crimes. Also, the jury did acquit the defendant of four counts of child pornography and one count of unlawful possession of weapons by a felon, and this indicates that the jury was not so dazzled by this evidence that it did not hold the state to its burden of proof. So for those reasons, even if the jointer of these charges was improper, the defendant cannot show prejudice such as would be required to show either ineffective assistance of counsel or plain error. I, like the defendant, will also stand on the people's brief with respect to Issues 2 and 3 unless the court has questions. Thank you. I'd like to thank both of you for your arguments and briefs in this case. We'll try to get you a decision on the earliest possible date.